**UNITED STATES of America,**
**Appellant,**

**v.**

**S. L. ROTHENBERG and Helen Rothen-**
**berg, Appellees.**

**No. 8094.**

United States Court of Appeals
Tenth Circuit.

Aug. 30, 1965.

Jonathan S. Cohen, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and David O. Walter, Attys., Dept. of Justice, Washington, D. C., with him on the brief), for appellant.

Edward Weil, Wichita, Kan. (Leonard A. Levand, Wichita, Kan., with him on the brief), for appellees.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

The question presented in this appeal is whether corporate stock held by a trustee in an irrevocable trust for the benefit of a taxpayer's minor child is owned by that child within the meaning of Section 1239 of the Internal Revenue Code of 1954. 26 U.S.C. § 1239.[1] The taxpayers, S. L. Rothenberg and his wife, Helen, brought this action for a refund

---

1. The applicable portion of Section 1239 provides:

"In the case of a sale or exchange, directly or indirectly, of property described in subsection (b) [property entitled to depreciation deductions as provided in Section 167]—* * *

(2) between an individual and a corporation more than 80 percent in value of the outstanding stock of which

is owned by such individual, his spouse, and his minor children and minor grandchildren;

any gain recognized to the transferor from the sale or exchange of such property shall be considered as gain from the sale or exchange of property which is neither a capital asset nor property described in section 1231."

of income taxes paid after the Commissioner of Internal Revenue had assessed a deficiency in their 1958 income tax, based upon a Treasury Regulation defining the statutory term "owner" as used in the statute.[2] This is an appeal from a judgment in favor of the taxpayers.

The taxpayers reside in Wichita, Kansas. They own 66½% of the outstanding capital stock in Kamen Wiping Materials, Inc., a Kansas corporation. The remaining 33⅔% of the stock is held in irrevocable trusts in equal amounts for their two children, one of whom is a minor. In January, 1958 the trustee joined with the taxpayers in selling to the corporation real property of which the trustee owned ⅓ interest for the benefit of the two children. In their 1958 joint income tax return, the taxpayers reported a gain of $28,333.33 from their share of the sale price of the property, and treated the income as a long-term capital gain. The Commissioner ruled that under the provisions of Section 1239 and Treasury Regulations promulgated thereunder, the minor daughter was an owner of the interest in the property held for her by the trustee,[3] and that the profit from the sale was ordinary income.

■■ This exact question was considered by the 4th Circuit in Mitchell v. C. I. R., 300 F.2d 533, in which the Court held contrary to the contentions advanced here by the United States. We are asked to reject the conclusions of the Mitchell case and hold that Congress intended by Section 1239 to include property which was beneficially owned by those named therein, and that the Regulation interpreting the statute to this effect is valid. In reaching its conclusion that the term "ownership", as used in the statute, did not include property beneficially owned, the 4th Circuit made a careful analysis of the statute and its legislative history. We are in agreement with the Mitchell case, and for the reasons stated therein, the judgment herein is affirmed.

2. For the purpose of interpretation of the statute, Treasury Regulation Section 1.-1239–1 was adopted. This regulation, in pertinent part, provides:

"* * * For the purpose of Section 1239, a corporation is controlled when more than 80 per cent in value of all outstanding stock of the corporation is beneficially owned by the taxpayer, his spouse and his minor children and minor grandchildren."

3. The total stock holdings of the taxpayer and the trustee for the minor child is in excess of 80% of the outstanding stock of the corporation.