636 F.2d 276
 15 ERC 1264, 11 Envtl. L. Rep. 20,032
 The STATE OF UTAH and The Central Utah Water Conservancy
District, Plaintiffs-Appellants,
v.
Cecil D. ANDRUS, Secretary of the United States Department
of the Interior, and R. Keith Higginson,
Commissioner, Bureau of Reclamation, U.
S. Department of the Interior,
Defendants-Appellees.
 No. 79-1697.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Sept. 14, 1980.
Decided Dec. 1, 1980.
 
 Robert B. Hansen, Utah Atty. Gen., Dallin W. Jensen and Richard L. Dewsnup, Asst. Attys. Gen., Salt Lake City, Utah, for plaintiff-appellant State of Utah.
 Edward W. Clyde, Salt Lake City, Utah, for plaintiff-appellant The Central Utah Water Conservancy Dist.
 James W. Moorman, Asst. Atty. Gen., Washington, D. C., Ronald L. Rencher, U. S. Atty., Wallace T. Boyack, Asst. U. S. Atty., Salt Lake City, Utah, Jacques B. Gelin and Robert L. Klarquist, Dept. of Justice, Washington, D. C., for defendants-appellees.
 Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.
 WILLIAM E. DOYLE, Circuit Judge.
 
 Nature of Proceeding
 
 1
 This is an appeal from an adverse judgment against the appellants The State of Utah and The Central Utah Water Conservancy District. The appellants claim an interest in the waters of the Colorado River which they intend to put to beneficial use through the Central Utah Water Project. The action in the district court sought a declaratory judgment finding that the National Environmental Policy Act, or N.E.P.A., 42 U.S.C. § 4332(2)(C), does not require a comprehensive basin-wide environmental impact statement, here referred to as EIS, for the entire Colorado River Basin. The appellants alleged that the interpretation of the law by appellees so as to require such a basin-wide impact statement would delay and prevent the orderly and timely development of federally authorized water resource projects in the Colorado River Basin in Utah.Grant of Summary Judgment
 
 
 2
 The appellees, the Secretary of the Interior, together with the Commissioner of the Bureau of Reclamation, filed a motion to dismiss the complaint for lack of standing and for failure to present a case or controversy. They asserted that Section 110 of P.L. 95-465 rendered the lawsuit moot, notwithstanding the requirements of N.E.P.A. In other words, Congress had passed, as part of an appropriations act for the Department of the Interior, a measure which provides that irrespective of N.E.P.A., such water resource projects or project features within the Colorado River Basin may proceed to completion if a site-specific environmental impact statement has been filed.
 
 
 3
 The appellant, The State of Utah, responded with a motion for summary judgment asserting that the statutory provision contains an express declaration by Congress that such projects in Utah require only site-specific EIS's, and that such projects may be fully completed without being subject to any comprehensive basin-wide EIS, whether during preparation or after completion.
 
 The Trial Court's Judgment
 
 4
 The trial judge granted the appellees' motion to dismiss and took note of the fact that Congress had passed the statute referred to above which provided that construction of the Colorado River Water projects "shall proceed if a final environmental impact statement has been filed on such feature." The judge went on to observe, "All parties agree, and this court finds that this enactment means that so long as a site-specific EIS has been filed for a project or a project feature, construction on that project or feature shall not be halted or delayed by the preparation of a basin-wide EIS." The trial court continued that the plaintiffs in the action before the trial court concede that the only injury complained of was delay in construction.
 
 
 5
 The plaintiffs moved for a summary judgment granting the declaratory relief prayed for in the complaint on the theory that P.L. 95-465 not only bars delay in construction, delays caused by preparation of the basin-wide EIS; it also bars the application of a completed basin-wide EIS to the Utah projects.
 
 
 6
 The Secretary of Interior took the position that he should be allowed to continue with the basin-wide EIS so long as it did not affect construction. The Secretary also filed a motion to dismiss the complaint on the ground that H.R. 12,932, or P.L. 95-465, extinguished any injury to plaintiffs, and merely eliminated delays. Also, there was a lack of standing and failure to present a case or controversy for court determination.
 
 
 7
 The trial court noted further the plaintiffs' contention that they are suffering a present injury in that, on an on-going basis, they are making important decisions concerning the Central Utah Water Project that could be affected by a basin-wide EIS, which would not be completed before 1985. The trial court rejected this conclusion. It concluded that the act of Congress, H.R. 12,932, or P.L. 95-465, rendered moot any injury to the plaintiffs occurring from delays in construction resulting from the preparation of a comprehensive basin-wide EIS. The court added that the plaintiffs were seeking an advisory opinion, and that such is not permitted by way of declaratory relief absent disputed issues ripe for judicial determination.
 
 
 8
 In concluding that there did not exist a viable issue for determination, the court said that the basin-wide EIS had not yet been funded or written, and that no injury could occur until after the earliest date for completion of the EIS, 1985. Accordingly, the issues in the case which had not been mooted by the passage of the act of Congress were not ripe for a decision. The court concluded that the anticipated injuries complained of by the plaintiffs may not occur at any time in the future; that Congress will decide the fate of the EIS when it takes up the matter of funding its preparation.
 
 
 9
 Admittedly site-specific environmental impact statements have not been filed for many of the features of the Central Utah Project, and therefore, it would be premature and unnecessary for the court to decide any issues other than that decided above, namely, that the act of Congress to which reference is made removed any delay in construction attributable to a basin-wide EIS. The foregoing constituted the basis for the court ordered dismissal of the appellants' complaint.
 
 
 10
 It is well settled that an actual controversy is required in an action which arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (1976). The express terms of this Act require that cases brought pursuant to it present an actual controversy, and not a mere abstract question. In Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed.617 (1937), the Supreme Court construed the then new Declaratory Judgment Act and settled the question of necessity for presentation of an actual controversy. In the opinion by Chief Justice Hughes, it was said:
 
 
 11
 A "controversy" in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. * * * Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages.
 
 
 12
 The present case is fraught with problems. The problem of a basin-wide environmental impact statement has been effectively removed by the act of Congress referred to above. The projects are freed of the necessity for a basin-wide EIS. The preparation of such a statement is no longer a condition to completion of the project. For this court to render a decision in accordance with the appellants' demand, it would be necessary to consider speculative or abstract evidence. Thus, the controversy would not be definite and concrete, nor would the ruling effect the legal relations of parties having adverse legal interests.
 
 
 13
 The appellants argue that if preparation of a basin-wide EIS is allowed to proceed without determining its legal impact, the completed EIS could form the basis for a decision by appropriate agencies halting or delaying construction in violation of the intent of P.L. 95-465, and that they are making decisions right now concerning the Central Utah Project, and that these could be affected by a complete basin-wide EIS. They agree that a basin-wide EIS will not be completed before 1985. But all of this argument on the part of the appellants is supposition. They seek a judgment based upon assumptions and possibilities. They argue from the premise that Congress will in the future fund the Department of the Interior for a basin-wide EIS. That such a final basin-wide EIS might produce changes in the project in accordance with recommendations of the EIS, and that, therefore, they should have a judgment to the effect that a basin-wide EIS would not be binding on the Utah project features that are completed or are under construction following site-specific EIS's.
 
 
 14
 We must refuse to base our opinion on possible exemptions of the Utah project from any requirements of a basin-wide EIS. The question is whether the district court correctly held that the cause did not present a case or controversy sufficiently ripe for a declaratory judgment. It is our conclusion that the district court was correct in its decision and judgment, based upon the requirement of an actual controversy and the lack of such a controversy in this case. This particular deficiency in the proceedings renders the suit inappropriate for declaratory relief. The requirement is jurisdictional and, as noted above, the case is no different from any other kind of action. It must be dismissed. See 28 U.S.C. § 2201 (1976); U.S.Const., Art. III, § 1; Ashwander v. TVA, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936); Public Service of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); Norvell Sangre de Cristo Development Co., Inc., 519 F.2d 370 (10th Cir. 1975). The matter was summed up by the Supreme Court in O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).
 
 
 15
 The judgment of the district court should be and the same is hereby affirmed.