KANSAS HEALTH CARE ASSOCIA-
TION, INC., and Kansas Association of
Homes for the Aging, Inc., on Behalf of
their members, and Top Management
Services, Inc., d/b/a Sunset Manor, on
Behalf of all other similarly situated
nursing facility providers certified by
the State of Kansas to participate in the
Kansas Medicaid Program, Plaintiffs,

v.

KANSAS DEPARTMENT OF SOCIAL
AND REHABILITATION SERVICES,
and Donna L. Whiteman, as Secretary
of the Department of Social and Reha-
bilitation Services, and Robert L. Eppo,
Commissioner of Medical Services of
Kansas Department of Social and Re-
habilitation Services, Defendants and
Third–Party Plaintiffs,

v.

Louis SULLIVAN, Secretary of the Unit-
ed States Department of Health and
Human Services, Third–Party Defen-
dant.

No. 90–4207–S.

United States District Court,
D. Kansas.

Feb. 18, 1992.

Jeffrey A. Chanay, Entz & Chanay, Wil-
liam E. Enright, Scott, Quinlan & Hecht,
Richard D. Anderson, Topeka, Kan., for
plaintiffs.

Patrick D. Gaston, Patricia A. Bennett,
Bennett, Lytle, Wetzler, Winn & Martin,
Prairie Village, Kan., Bruce A. Roby, Kan-
sas Dept. of SRS, Topeka, Kan., for defen-
dants and third-party plaintiffs.

C. Geraldine Umphenour, Frank V.
Smith, III, Off. of Gen. Counsel, Dept. of
HHS, Kansas City, Mo., D. Brad Bailey,
U.S. Attys. Office, Topeka, Kan., for third-
party defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motion
of third-party defendant Louis Sullivan,
Secretary of the Department of Health and
Human Services ("the Secretary") to dis-
miss the third-party complaint (Doc. 63).

This is a class action brought by long-
term care nursing facilities against the
Kansas Department of Social and Rehabili-
tation Services ("SRS"), the Secretary of
SRS, and the Commissioner of Medical Ser-
vices for SRS (hereafter collectively re-
ferred to as "the State" or "defendants").

In this action, plaintiffs allege that the State has failed to establish adequate Medicaid reimbursement rates to nursing facilities under two amendments to the State Medicaid Plan, namely State Plan Amendment TN–90–06 and State Plan Amendment TN–90–44 ("SPA TN–90–06" and "SPA TN–90–44"). On December 31, 1990, this court entered a preliminary injunction prohibiting the State from implementing the two amendments which would freeze the rate of reimbursement during their implementation.

On February 7, 1991, the State filed a third-party complaint against the Secretary seeking to bring the federal government into this action pursuant to Fed.R.Civ.P. 14(a). The defendants' third-party complaint seeks monetary relief in the form of federal financial participation ("FFP") for the last quarter of 1990 in view of this court's preliminary injunction entered on December 31, 1990, and subsequent order of clarification in January 1991. In its order of clarification, the court ruled that the defendants could not reimburse providers for the last quarter of 1990 pursuant to the two enjoined plans. Defendants contend that since the approved state plan amendments were enjoined, the Secretary will refuse to provide matching funds. The State cites to no final agency action by the Secretary such as a disallowance order or termination of FFP following a compliance proceeding.

In the Secretary's motion, he alleges that this action should be dismissed for three reasons. First, the case is not ripe for judicial review. Second, the State has failed to exhaust administrative remedies. Third, impleader of the Secretary as a third-party defendant under Fed.R.Civ.P. 14 is inappropriate because the State's claim against the Secretary is not dependent upon the plaintiffs' claims against the State.

■ The Secretary contends that the third-party complaint fails to present a justiciable case or controversy "ripe" for judicial review because the State has not alleged the occurrence of any event that would give rise to a "final agency action" by the Secretary. Specifically, the Secretary contends that the enjoined state plan amendment, SPA TN–90–44, effective during the last quarter of 1990, would apply as to FFP in accordance with 42 C.F.R. §§ 430.20 and 447.252(c). Further, the Secretary contends that the state plan amendment adopted by the State in response to the preliminary injunction, namely SPA 91–09, upon approval would provide for federal matching funds which would cover those payments made to Medicaid providers for the last quarter of 1990. Finally, the Secretary contends that this action is not ripe because the State has not asked for matching funds in accordance with the procedures established by the federal regulations. See 42 U.S.C. § 1316; 42 C.F.R. Part 430, Subpart C; 45 C.F.R. Part 16. Thus, the injury which the State alleges in its third-party complaint is only anticipatory at this time, and will most likely not arise, because reimbursement payments for services rendered during the last quarter of 1990 will be made in accordance with the new amended state plan SPA 91–09. Accordingly, the state will not lose any FFP.

■ Upon consideration of the parties' contentions and applicable law, the court finds that the Secretary's motion to dismiss the third-party complaint should be granted. One of the limitations to this court's exercise of jurisdiction over agency action is that the action must not be so abstract as to make the claim unfit for judicial review. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515–16, 18 L.Ed.2d 681 (1967). *Rocky Mountain Oil & Gas Ass'n. v. Watt,* 696 F.2d 734, 740–41 (10th Cir.1982). The underlying rationale is "to prevent the courts ... from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects are felt in a concrete way by the challenging parties." *Abbott Laboratories,* 387 U.S. at 148–49, 87 S.Ct. at 1515. This approach conserves judicial resources, and more importantly, enables agencies to apply their expertise and correct their own mistakes free of judicial interference until administrative action has a direct and immediate impact. *Rocky Mountain Oil & Gas Ass'n.,* 696 F.2d at 741.

Generally, in determining whether a claim is ripe for judicial review, two questions should be addressed: (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding judicial consideration. *Abbott Laboratories*, 387 U.S. at 149, 87 S.Ct. at 1515–16; *Granville House, Inc. v. Department of Health & Human Serv.*, 715 F.2d 1292, 1299 (8th Cir.1983). In regard to the hardship factor, "the challenged action must have a direct and immediate impact on the challenging party." *Rocky Mountain Oil & Gas Ass'n.*, 696 F.2d at 741. Thus, the harm alleged cannot be purely speculative and based upon the occurrence of remote contingencies. *Utah v. Andrus*, 636 F.2d 276, 278 (10th Cir.1980).

The court finds that consideration of the above two factors weighs in favor of denying judicial review at this time. As of this date, the Secretary has not denied the State claims for FFP contributions, nor have any indications been made by the Secretary that FFP claims will be denied. Further, according to the record before the court, the State has not sought approval of the amended state plan so that a final determination by the Secretary could be made regarding federal reimbursement. Thus, no final agency action has been sought, nor obtained, and the State's claim against the Secretary is not ripe.

Further, the hardship of denying judicial review at this time does not warrant judicial review of defendant's third-party claim. In this regard, the court finds that the harm alleged is based upon speculation that the state plan amendment submitted in response to this court's preliminary injunction will not be approved by the Secretary, and therefore, no approved state plan will be in effect as required for FFP. However, as pointed out by the Secretary in his reply, FFP is available for Medicaid payments made under a plan submitted to the Secretary for approval, "so long as the

plan is eventually approved." Reply, at 6 (citing 42 C.F.R. § 447.256(c)). Further, even if the submitted state plan must be altered prior to the Secretary's approval, these changes will relate back to January 1, 1991. *Id.* Thus, FFP will be available for those payments for services rendered prior to December 31, 1990, and for those services rendered subsequently. Thus, no immediate and concrete hardship will result from the court's denial.[1] Accordingly, because the court finds that the State's third-party claim is not ripe for adjudication, the Secretary's motion to dismiss will be granted.[2]

IT IS BY THE COURT THEREFORE ORDERED that the motion of third-party defendant to dismiss the third-party complaint (Doc. 63) is granted.

---

1. The court finds the State's reliance upon the case of *Bowen v. Massachusetts*, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) to be misplaced. In *Bowen*, the plaintiffs sought the judicial review of a disallowance order which is a final agency decision. *Id.* at 882, 108 S.Ct. at 2726.

2. Therefore, the court does not find it necessary to address the Secretary's contention that joinder of the Secretary under Rule 14(a) is improper.