**KANSAS HOSPITAL ASSOCIATION, Bethany Medical Center, Asbury–Salina Regional Medical Center, and Stormont–Vail Regional Medical Center, and Inez Williams and Vanessa Brewer, individually and on behalf of all similarly situated persons, Plaintiffs,**

v.

**Donna L. WHITEMAN, in her official capacity as Secretary of the Kansas Department of Social and Rehabilitation Services, Donna Shalala, in her official capacity as Secretary of the United States Department of Health and Human Services, and Bruce C. Vladeck, in his official capacity as Administrator of the Health Care Financing Administration, Defendants.**

No. 93–4217–DES.

United States District Court,
D. Kansas.

May 5, 1994.

Carol L. Boorady, Legal Services of Wichita, Wichita, KS, Jane K. Swanson, Kansas Legal Services, Inc., Kansas City, KS, for Inez Williams, Vanessa L. Brewer and Gary Byers.

Reid Stacey, Social & Rehabilitation Services, Topeka, KS, Vickie J. Larson, S. William Livingston, Jr., Covington & Burling, Washington, DC, Bruce A. Roby, Kansas Dept. of SRS, Topeka, KS, for Kansas Dept. of Social and Rehabilitation Services.

C. Geraldine Umphenour, Office of General Counsel, Department of Health & Human Services, Kansas City, MO, Jackie A. Rapstine, Office of U.S. Atty., Topeka, KS, for Donna E. Shalala and Bruce Vladeck.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion to dismiss of defendants Donna Shalala, Secretary of the United States Department of Health and Human Services, and Bruce C. Vladeck, Administrator of the Health Care Financing Administration (Doc. 55). Defendants Shalala and Vladeck ("federal defendants") seek dismissal of the claims filed against them by Inez Williams and Vanessa Brewer ("individual plaintiffs") pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

The federal defendants are named by the individual plaintiffs only in Count I of the second amended complaint, filed February 2, 1994. Count I contends that 42 C.F.R. § 447.54(c), one of the federal regulations governing state Medicaid programs, is inconsistent with its authorizing statute, 42 U.S.C. § 1396o (a)(3), which requires copayments charged to Medicaid recipients to be "nominal in amount." The challenged regulation establishes, as a maximum copayment for inpatient hospital services, 50 percent of the payment the state makes for the first day of inpatient hospital care. Relying on this federal regulation, defendant Whiteman, Secretary of the Kansas Department of Social and Rehabilitation Services, has promulgated a state regulation that generally establishes

Charles R. Hay, Wayne T. Stratton, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Kansas Hosp. Ass'n, Bethany Medical Center, Asbury–Salina Regional Medical Center, Inc., Stormont–Vail Regional Medical Center.

$325 as the copayment for inpatient hospital services for Medicaid recipients in Kansas.[1]

The federal defendants generally argue that plaintiffs have not alleged a case or controversy ripe for judicial review, and that plaintiffs fail to state a claim for which relief may be granted. With regard to their ripeness argument, the defendants specifically contend that plaintiffs' action against them is premature. They assert that they have not yet had the opportunity to review the amendments to the state's Medicaid plan incorporating the increased copayment requirement, and until such time, no "final agency action" has been taken that could be subject to judicial review. Further, they contend that this court lacks jurisdiction to consider the issue of whether the amendment to the state plan complies with federal requirements, because judicial review of such issues is in the court of appeals, not the district court.

■ The court finds the defendants' jurisdictional argument to be without merit. The individual plaintiffs' claim against the federal defendants does not contend that the state regulation at issue does not comply with requirements for approval of state Medicaid plans. Instead, the claim simply argues that the federal regulation upon which the state relies, 42 C.F.R. § 447.54(c), is manifestly inconsistent with its authorizing statute,[2] exceeds the statutory authority granted to the federal defendants, and is arbitrary and capricious. While 42 U.S.C. § 1316(a)(3), cited by the defendants, does limit review of certain determinations of the Secretary of Health and Human Services to the United States Court of Appeals for the circuit in which the state is located, that statute applies only when a *state* is dissatisfied with the Secretary's final determination with regard to whether its state Medicaid plan should be approved. *See* 42 U.S.C. § 1316(a)(1), (2). In this case, of course, the individual plaintiffs are Medicaid recipients who challenge the federal regulation itself, in addition to challenging the state's reliance on the federal regulation in modifying the copayment requirement for inpatient hospital services.[3]

The federal Administrative Procedure Act explicitly authorizes actions seeking declaratory or injunctive relief against the United States, one of its agencies, or appropriate agency officers. *See* 5 U.S.C. § 703. This court therefore has jurisdiction to consider the validity of the challenged federal regulation. Whether or not the federal agencies have approved the state's Medicaid plan amendment is irrelevant to the individual plaintiffs' action challenging the federal regulation itself. Under the Administrative Procedure Act, this court has subject matter jurisdiction to consider the individual plaintiffs' challenge to the validity of the federal regulation, even if the Secretary of Health and Human Services were to withhold approval of the proposed state plan amendment implementing the copayment increase.[4] The

---

**1.** *See* K.A.R. 30–5–71(a)(1).

**2.** *See* 42 U.S.C. § 1396*o* (a)(3).

**3.** The defendants' reliance on this court's decision in *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social and Rehabilitation Services*, 783 F.Supp. 1318 (D.Kan.1992) is similarly unpersuasive. In that case, the defendant state agency filed a third-party complaint against the Secretary of Health and Human Services, seeking federal financial participation for the calendar quarter preceding the date of a preliminary injunction prohibiting the implementation of certain amendments to the State Medicaid Plan pertaining to nursing home reimbursement rates. *Kansas Health Care Ass'n* is clearly distinguishable on its facts from this action, in which individuals who are Medicaid beneficiaries directly challenge the validity of a federal regulation defining the statutory term "nominal in amount" as it applies to copayment requirements. In this case, the challenged "final agency action" is the adoption of the federal regulation, 42 C.F.R. § 447.-54(c), which imposes limits on the copayment amount a state can charge Medicaid beneficiaries for inpatient hospital services.

**4.** Whether or not the individual plaintiffs would continue to have standing to pursue their challenge of the federal regulation, if the federal defendants do not approve the proposed Medicaid plan amendment, is not a question presented to this court in the federal defendants' motion to dismiss. *See* 5 U.S.C. § 702. The court notes that the state regulation increasing the copayment has already taken effect pending approval of the state's amended Medicaid plan by the federal defendants. Therefore, the individual plaintiffs' alleged detriment as a result of the copayment increase would be obviated only if the federal defendants take specific action to preclude the state from collecting the increased copayment for inpatient hospital services. The court has not been advised by any of the parties that any such action has been taken.

federal defendants' motion to dismiss for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1) is therefore denied.

■ The court turns now to the federal defendants' argument that the plaintiffs have failed to state a claim upon which relief may be granted and that they are therefore entitled to dismissal under Fed.R.Civ.P. 12(b)(6). The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The defendants contend that the court has no basis for holding that the challenged regulation is inconsistent with 42 U.S.C. §§ 1396o(a)(3) or 1396o(b)(3). The controlling statutory language reads as follows:

The State plan shall provide that in the case of individuals ... who are eligible under the plan—

.    .    .    .    .    .

(3) any deduction, cost sharing, or similar charge imposed under the plan ... will be nominal in amount (as determined by the Secretary in regulations which shall, if the definition of "nominal" under the regulations in effect on July 1, 1982 is changed, take into account the level of cash assistance provided in such State and such other criteria as the Secretary determines to be appropriate)....

Congress has clearly delegated the authority to the Secretary of Health and Human Services to determine whether any cost-sharing charge imposed by a state under its Medicaid plan is "nominal in amount." In the case of inpatient hospital services, the Secretary has defined "nominal in amount" by adoption of 42 C.F.R. § 447.54(c), which reads:

(c) *Institutional Services.* For institutional services, the plan must provide that the maximum deductible, co-insurance or co-payment charge for each admission does not exceed 50 percent of the payment the agency makes for the first day of care in the institution.

This regulatory limitation on allowable co-payments, which in effect defines the statutory term "nominal in amount," has not been altered since July 1, 1982, except for a minor clarifying amendment that was expressly intended not to alter the definition of "nominal." *See* 48 Fed.Reg. 5732–33, 5736 (1983). Hence the statutory language directing the Secretary to take into account the level of cash assistance provided by the state, as well as such other criteria the Secretary determines to be appropriate, does not apply. Furthermore, the statutory language itself, most recently amended in 1989, clearly acknowledges and implicitly endorses the regulatory definition of "nominal" in effect on July 1, 1982.

On September 3, 1982, by enacting the Tax Equity and Fiscal Responsibility Act of 1982, P.L. 97–248, Congress made major revisions to the statute authorizing states to impose cost-sharing requirements on Medicaid beneficiaries. *See* 48 Fed.Reg. 5731 (1983).[5] The 1982 legislation specifically references the maximum copayment charges then codified in 42 C.F.R. § 447.54. *Id.* The controlling statute, 42 U.S.C. § 1396o, has since been amended in 1983, twice in 1986, in 1987, in 1988, and most recently in 1989. Congress on each occasion has reenacted the same language delegating the authority to the Secretary to define the statutory term "nominal in amount," including the specific language

---

5. *See generally Kansas Hospital Ass'n v. Whiteman*, 835 F.Supp. 1556, 1566 (D.Kan.1993) (reviewing legislative history).

referencing the Secretary's definition of "nominal" in effect on July 1, 1982.

■ When Congress explicitly delegates to the Secretary of Health and Human Services the power to define a statutory term, as in this case, Congress has entrusted to the Secretary, rather than to the courts, the primary responsibility for interpreting the statutory term. *See Batterton v. Francis,* 432 U.S. 416, 425, 97 S.Ct. 2399, 2405, 53 L.Ed.2d 448 (1977). When the Secretary exercises such responsibility, the adopted regulations have legislative effect, and hence have the full force and effect of law. *Id.* at 425 & n. 9, 97 S.Ct. at 2405 & n. 9. Hence, a reviewing court is not free to set aside such regulations just because it might have interpreted the statute in a different manner. *Id.* at 425, 97 S.Ct. at 2405 (citing *American Telephone & Telegraph Co. v. United States,* 299 U.S. 232, 235–37, 57 S.Ct. 170, 172–73, 81 L.Ed. 142 (1936)).

As such, 42 C.F.R. § 447.54(c) is entitled to considerably more than mere deference or weight. In fact, "it can be set aside only if the Secretary exceeded his statutory authority or if the regulation is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* at 426, 97 S.Ct. at 2406 (citing and quoting 5 U.S.C. §§ 706(2)(A), (C)); *see Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984) (controlling weight is given legislative regulations where Congress has expressly delegated authority to the agency to elucidate specific legislative provision by regulation, unless they are arbitrary, capricious, or manifestly contrary to the statute); *American Trucking Associations, Inc. v. United States,* 627 F.2d 1313, 1320 (D.C.Cir.1980) (when an agency exercises authority expressly delegated to it by Congress it is at the zenith of its powers, and such regulations may be set aside only if arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law).

The United States Supreme Court has recognized that the statutory authority delegated to the Secretary in such instances is not unlimited. *See Batterton,* 432 U.S. at 428, 97 S.Ct. at 2407. For instance, the Secretary may not adopt a regulation that bears no relationship to any recognized concept of the statutory term, or that would defeat the purpose of the Medicaid program. *See id.*

On the other hand, the fact that Congress has reenacted the controlling statutory language on several occasions, while explicitly acknowledging the existence of the regulatory definition of the term "nominal" that has been in place for well over a decade, weighs heavily against the plaintiffs' argument that the regulation exceeds its statutory authority or that it is arbitrary and capricious. Certainly the reenactment of the statutory language on several occasions indicates that Congress has endorsed the Secretary's regulations defining the term "nominal in amount," and that Congress therefore considers the Secretary's regulatory definition to be consistent with its purpose in enacting the Medicaid program. *See Brennan v. Udall,* 379 F.2d 803, 806–07 (10th Cir.) (if Congress does not interfere with the agency's construction of a statute after it is brought to its attention, its apparent acceptance of the administrative determination at least indicates that Congress did not consider it contrary to the statute) (citing *Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965)), *cert. denied,* 389 U.S. 975, 88 S.Ct. 477, 19 L.Ed.2d 468 (1967).

■ The court acknowledges that the doctrine of legislative reenactment should not be applied absent clear evidence that Congress had actual knowledge of the challenged regulation at the time of reenactment. *Shell Oil Co. v. Kleppe,* 426 F.Supp. 894, 902 (D.Colo. 1977), *aff'd,* 591 F.2d 597 (10th Cir.1979), *aff'd,* 446 U.S. 657, 100 S.Ct. 1932, 64 L.Ed.2d 593 (1980); *Rothenberg v. United States,* 233 F.Supp. 864, 866 (D.Kan.1964), *aff'd,* 350 F.2d 319 (10th Cir.1965). Here, however, the language of the authorizing statute itself demonstrates that Congress was aware of the Secretary's regulation defining "nominal in amount" that was in effect on July 1, 1982, and declined to modify it even though Congress has amended the statute several times over the past twelve years.

Under these circumstances, the longstanding doctrine of legislative reenactment fore-

closes an inquiry into the reasonableness of the agency's interpretation of the statutory term "nominal in amount," since Congress is deemed to have adopted the agency's regulatory definition by ratification. *See United States v. Board of Commissioners,* 435 U.S. 110, 134–35, 98 S.Ct. 965, 980, 55 L.Ed.2d 148 (1978) (when Congress, in reenacting statute, voices approval of administrative interpretation thereof, "Congress is treated as having adopted that interpretation, and this Court is bound thereby"); *Isaacs v. Bowen,* 865 F.2d 468, 472–75 (2d Cir.1989) (discussing history and contours of doctrine of legislative reenactment as applied to HCFA regulations and guidelines governing Medicare, concluding that Congress ratified defendants' Medicare Manual provision); *see also Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–45 & n. 9, 104 S.Ct. 2778, 2783 & n. 9, 81 L.Ed.2d 694 (1984) (court's analysis in reviewing agency's construction of statute it administers begins with the question of whether Congress has directly spoken to the precise question at issue; if, by employing traditional rules of statutory construction, court ascertains Congress had an intention on the precise issue, that intention is the law and must be given effect); *Public Citizen, Inc. v. F.A.A.,* 988 F.2d 186, 191 (D.C.Cir.1993) (same); *Peoples Federal Savings and Loan Ass'n v. Comm'r of Internal Revenue,* 948 F.2d 289, 301, 302 (6th Cir.1991) (reenactment doctrine is a tool of legislative interpretation, most useful where there is some indication that Congress noted or considered the regulations in effect at the time of its action); *McCoy v. United States,* 802 F.2d 762, 764–66 (4th Cir.1986) (doctrine of legislative reenactment is an aid in statutory construction); *Fletcher v. Warden,* 641 F.2d 850, 854 n. 5 (10th Cir.) (while court cannot always presume Congress has adopted the prior administrative interpretation of a statute when making minor changes to the statute without making substantive

change, such an inference is buttressed when legislative history contains an implicit recognition and approval of that interpretation), *cert. denied sub nom. Johnson v. Smith,* 453 U.S. 912, 101 S.Ct. 3145, 69 L.Ed.2d 995 (1981); *cf. Udall v. Tallman,* 380 U.S. 1, 16–18, 85 S.Ct. 792, 802, 13 L.Ed.2d 616 (1965) (particular respect is due the interpretation given a statute by the officers or agency charged with its administration when Secretary's interpretation has long been a matter of public record, even if not constituting legislative ratification in any formal sense).[6]

In summary, the court concludes that Congress has adopted, by legislative reenactment and ratification, the definition of "nominal in amount" long codified in 42 C.F.R. § 447.-54(c). The regulation at issue was promulgated by the Secretary of Health and Human Services in response to Congress' express statutory direction to determine the meaning of that term by regulation. Consequently, the court is bound by the Secretary's interpretation, since it has been given the force and effect of law by Congressional action.

**IT IS BY THE COURT THEREFORE ORDERED** that the federal defendants' motion to dismiss (Doc. 55) is hereby granted for failure of the plaintiffs to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Donna Shalala and Bruce C. Vladeck are hereby dismissed as defendants to this action.

---

**6.** Furthermore, even if an agency's interpretation of legislation is erroneous, Congress may ratify it by giving it express consideration or by making specific reference to it in later legislation, as it did in this case. *See Kristensen v. McGrath,* 179 F.2d 796, 804 (1949) (footnote citations omitted), *aff'd,* 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173 (1950); *Harjo v. Kleppe,* 420 F.Supp. 1110, 1140

(D.D.C.1976), *aff'd sub nom. Harjo v. Andrus,* 581 F.2d 949 (D.C.Cir.1978); *Chrysler Motors Corp. v. United States,* 755 F.Supp. 388, 397 (C.I.T.1990), *aff'd,* 945 F.2d 1187 (Fed.Cir.1991). Consequently, it is neither necessary nor appropriate for this court to address whether the agency's long-standing interpretation of the statutory term "nominal in amount" is erroneous.