**Edmund SHERMAN and Marcia Sherman, Plaintiffs,**

v.

**W. E. RENTH, Public Administrator of the Estate of Carl Anderson, Defendant.**

**Civ. No. 3907.**

United States District Court E. D. Illinois.

Nov. 26, 1957.

Richard B. Dempsey, St. Louis, Mo., and Paul P. Waller, Jr., East St. Louis, Ill., for plaintiff.

Oehmke, Dunham & Boman, East St. Louis, Ill., for defendant.

JUERGENS, District Judge.

On September 26, 1957, the plaintiffs filed their complaint alleging that they had sustained injuries in an automobile accident between plaintiffs and the defendant's deceased. In paragraph (2) of the complaint the plaintiffs charge that the collision of the automobile from which the injuries were sustained was caused by the "willfulness or recklessness or negligence of the defendant's intestate." The defendant filed his motion to strike the complaint stating as a cause therefor that it is improper to include willfulness and negligence in the same count or same paragraph of a count. The objection of the defendant is well founded.

Under the substantive law of Illinois, willful and wanton misconduct and negligent conduct give rights to separate causes of action. These causes are separate and distinct, each proceeding from a different legal principle. Cook v. Big Muddy-Carterville Mining Co., 249 Ill. 41, 94 N.E. 90. In order for the defendant to answer each of these causes of action it is essential that they be set out in separate numbered paragraphs and in the interest of clarity separate counts would be more appropri-ate. Although separate counts are not required by the Federal Rules of Civil Procedure, 28 U.S.C.A., it is desirable that these causes of action be set out in separate counts. 210.03 Volume 2, Moore's Federal Practice, 2005. It is, therefore, the opinion of the court that defendant's motion to dismiss should be allowed and permission granted plaintiffs to amend their complaint to conform to the Federal Rules of Civil Procedure, if they so desire.