789 F.2d 836
 Douglas C. MANGELS, and Randal K. Mangels, Plaintiffs-Appellants,
Donald R. Germano, Plaintiff,
v.
Federico PENA, Mayor of the City and County of Denver; John
Simonet, Manager of Safety of the City and County of Denver;
Myrle K. Wise, Chief of the Denver Fire Department; The
Civil Service Commission of the City and County of Denver, a
municipal corporation, Defendants-Appellees.
 No. 84-2730.
 United States Court of Appeals,
Tenth Circuit.
 April 25, 1986.
 
 Robert E. Goodwin, Denver, Colo., for plaintiffs-appellants.
 Darlene M. Ebert, Asst. City Atty. (Stephen H. Kaplan, City Atty., and Geoffrey S. Wasson, Asst. City Atty., with her on brief), Denver, Colo., for defendants-appellees.
 Before SEYMOUR, SETH, and BALDOCK, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Douglas C. Mangels and Randal K. Mangels brought this action under 42 U.S.C. Sec. 1983 (1982), alleging due process deprivations arising from the termination of their employment with the Denver Fire Department. The district court dismissed the complaint for lack of subject matter jurisdiction, and the Mangels appealed. We affirm on the alternative ground that the complaint fails to state a claim upon which relief may be granted. See Wright v. Lane County District Court, 647 F.2d 940, 941 (9th Cir.1981) (per curiam).
 
 I.
 
 2
 A complaint may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318, 321 (10th Cir.1985) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). The pleadings must be liberally construed on appeal and all well-pleaded allegations accepted as true. Id.; Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir.1984). Viewed in this light, the facts appear as follows.
 
 
 3
 Douglas and Randal Mangels are firefighters within the civil service of the City and County of Denver.[1] In late 1983, an investigation conducted by the Internal Investigations and Inspection Bureau of the Denver Police Department (I.I.I.B.) indicated that both men had used contraband drugs. Myrle K. Wise, Chief of the Fire Department, informed the Mangels of impending disciplinary action and required each to make a personal statement. Chief Wise subsequently recommended dismissal to John Simonet, Manager of Safety, who approved this recommendation the same day. Along with eight other firefighters, the Mangels filed timely complaints with the Denver Civil Service Commission (Commission) requesting review of their termination orders.
 
 
 4
 Simonet transmitted to the Commission five complete copies of the original I.I.I.B. report, and each Commission member received a copy prior to the hearing. In addition, Simonet released the report to the news media. The report included statements by the firefighters and witnesses, polygraph examination results, and various supporting documents. There is no indication that the report contained personal information unrelated to the alleged drug use.
 
 
 5
 The Mangels filed this action for injunctive and monetary relief, naming as defendants Wise, Simonet, the Commission, the mayor of Denver, and the City itself. The Mangels claim (1) that they were denied procedural due process because the Commission's advance exposure to the I.I.I.B. report improperly combined investigatory and adjudicative functions to produce a biased tribunal, (2) that release of the report to the news media violated their constitutional right to privacy, and (3) that defendants violated state tort law.
 
 
 6
 The district court held a preliminary hearing and declined to enjoin either the Commission from proceeding with the appeals or the Manager of Safety from disseminating information about the Mangels' employment. The court thereafter directed the parties to address whether its jurisdiction had properly been invoked. Defendants filed a motion to dismiss, which the district court granted. The court ruled that Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), forecloses the Mangels' procedural due process claim, and that the right to privacy does not encompass the kind of information allegedly released to the media. The court further elected to dismiss the pendent state law claims.
 
 II.
 
 7
 The complaint alleges that the Mangels held a property interest in their jobs as firefighters as well as a liberty interest in their reputations and ability to find other employment. These interests are protected by the constitutional requirements of procedural due process. See generally Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Mangels do not dispute that they were granted notice and a hearing, at which they were represented by counsel and entitled to present and cross-examine witnesses. Rather, they contend that the Commission members' prehearing exposure to the I.I.I.B. report biased the tribunal and that the hearing before the Commission therefore did not provide due process.
 
 
 8
 "An impartial tribunal is an essential element of a due process hearing.... A tribunal is not impartial if it is biased with respect to the factual issues to be decided at the hearing." Miller v. City of Mission, 705 F.2d 368, 372 (10th Cir.1983) (citations omitted); see also Withrow, 421 U.S. at 46-47. However, "[t]he mere exposure to evidence presented in nonadversary investigative procedures is insufficient in itself to impugn the fairness" of a later adversary hearing. Withrow, 421 U.S. at 55, 95 S.Ct. at 1468. Due process is violated only when "the risk of unfairness is intolerably high" under the circumstances of a particular case. See id. at 58, 95 S.Ct. at 1470. Because honesty and integrity are presumed on the part of a tribunal, id. at 47, 95 S.Ct. at 1464, there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated, see, e.g., Roberts v. Morton, 549 F.2d 158, 164 (10th Cir.), cert. denied, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977).
 
 
 9
 Under these principles, the complaint in this case does not state a claim for relief. It alleges that the Civil Service Commission was biased both by its advance exposure to the I.I.I.B. report and by the fact that the report was made public. Withrow forecloses precisely this argument as the basis for a procedural due process claim. The allegation of improper exposure to hearsay statements and polygraph examination results is insufficient to overcome Withrow's presumption of administrative regularity. Hearsay is often admissible in administrative hearings, see, e.g., Hoska v. United States Department of the Army, 677 F.2d 131, 138-39 (D.C.Cir.1982), and the Mangels have not argued otherwise in this case. More generally, such exposure is likely to occur whenever investigatory and administrative functions are combined, yet Withrow unequivocally approves such combinations. The presumption stands that decisionmakers will decide cases in accordance with the proper substantive and procedural rules.
 
 
 10
 Nor does the publication of the I.I.I.B. report support the Mangels' claim of bias. Although inflammatory publicity could bias a tribunal and thereby result in a denial of due process, see, e.g., Roberts, 549 F.2d at 164, the complaint here alleges only the fact of publication, not that media coverage was hostile or otherwise inflammatory. The likelihood of bias from the report being made public could thus be no greater than that due to the Commission's direct, and constitutionally permissible, familiarity with the report.
 
 
 11
 Even assuming that Denver's city charter would not authorize the Commission's receipt of the report, as the Mangels argue, there has been no constitutional deprivation. A failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause. See Atencio v. Board of Education, 658 F.2d 774, 779 & n. 11 (10th Cir.1981); accord Bowens v. North Carolina Department of Human Resources, 710 F.2d 1015, 1019 (4th Cir.1983); Bates v. Sponberg, 547 F.2d 325, 329-30 (6th Cir.1976). Withrow provides the constitutional standard in this case, and that standard is not violated by the alleged conduct.
 
 III.
 
 12
 The Due Process Clause directly protects fundamental aspects of personal privacy against intrusion by the State. See Roe v. Wade, 410 U.S. 113, 152, 93 S.Ct. 705, 726, 35 L.Ed.2d 147 (1973); see also Whalen v. Roe, 429 U.S. 589, 599 n. 23, 97 S.Ct. 869, 876 n. 23, 51 L.Ed.2d 64 (1977). One aspect of this substantive due process arises from "the individual interest in avoiding disclosure of personal matters." Whalen, 429 U.S. at 599 & n. 25, 97 S.Ct. at 876 & n. 25; see also Denver Policemen's Protective Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir.1981). Due process thus implies an assurance of confidentiality with respect to certain forms of personal information possessed by the state. Disclosure of such information must advance a compelling state interest which, in addition, must be accomplished in the least intrusive manner. Lichtenstein, 660 F.2d at 435.
 
 
 13
 Information is constitutionally protected when a legitimate expectation exists that it will remain confidential while in the state's possession. See Nixon v. Administrator of General Services, 433 U.S. 425, 457-58, 97 S.Ct. 2777, 2797-80, 53 L.Ed.2d 867 (1977) (citing Katz v. United States, 389 U.S. 347, 351-53, 88 S.Ct. 507, 511-12, 19 L.Ed.2d 576 (1967)); Lichtenstein, 660 F.2d at 435. The legitimacy of an individual's expectations depends, at least in part, upon the intimate or otherwise personal nature of the material which the state possesses. Id.; see also United States v. Westinghouse Electric Corp., 638 F.2d 570, 577 (3d Cir.1980) (medical records protected).
 
 
 14
 The possession of contraband drugs does not implicate any aspect of personal identity which, under prevailing precedent, is entitled to constitutional protection. See Leary v. United States, 544 F.2d 1266, 1270 (5th Cir.1977) (citing Stanley v. Georgia, 394 U.S. 557, 568 n. 11, 89 S.Ct. 1243, 1249-50 n. 11, 22 L.Ed.2d 542 (1969)). Validly enacted drug laws put citizens on notice that this realm is not a private one. Accurate information concerning such unlawful activity is not encompassed by any right of confidentiality, and therefore it may be communicated to the news media.[2] See Paul v. Davis, 424 U.S. 693, 712-13, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976).
 
 
 15
 Any limited assurances of confidentiality offered by Denver officials to the Mangels do not make a difference in this case.[3] Rights of substantive due process are founded not upon state provisions but upon deeply rooted notions of fundamental personal interests derived from the Constitution. See Regents of the University of Michigan v. Ewing, --- U.S. ----, 106 S.Ct. 507, 515-16, 88 L.Ed.2d 523 (1985) (Powell, J., concurring). The legitimacy of individual expectations of confidentiality must arise from the personal quality of any materials which the state possesses. See Nixon, 433 U.S. at 457, 97 S.Ct. at 2797; Lichtenstein, 660 F.2d at 435. Allegations of a failure on the part of government officials to abide by their own assurances of confidentiality will not suffice to state a claim. Any disclosed information must itself warrant protection under constitutional standards. See Paul v. Davis, 424 U.S. at 713, 96 S.Ct. at 1166.
 
 IV.
 
 16
 For the reasons stated in this opinion, the Mangels' complaint fails to state a claim upon which relief may be granted under section 1983. Accordingly, the judgment of the district court dismissing the complaint is affirmed.
 
 
 
 [1]
 Although this information is not part of the record, the Mangels agreed at oral argument that they were reinstated following the district court's order of dismissal
 
 
 [2]
 An employee who is publicly stigmatized by inaccurate information in the course of termination proceedings is entitled to a name-clearing hearing. See McGhee v. Draper, 639 F.2d 639 (10th Cir.1981). In this case, the Mangels' only procedural due process challenge concerns the alleged bias of the Commission, a challenge we have rejected in part II, supra. They do not assert a McGhee-type injury
 
 
 [3]
 Before making statements to police investigators, the Mangels each signed a form which reads in pertinent part:
 "This statement and answers to questions are given for departmental administrative purposes only, and shall be limited in use to the Department of Safety, the Civil Service Commission, or subsequent hearings relating to any disciplinary action of the Fire Chief or Manager of Safety."
 Rec., vol. V, at B48, B64. The Mangels also seek to rely upon certain provisions of the Colorado Public Records Act, Colo.Rev.Stat. Secs. 24-72-101 et seq. (1973).