Robert E. FREEMAN, Jr., d/b/a A & A Invalid Van Service, Plaintiff,

v.

MEDEVAC MIDAMERICA OF KANSAS, INC.; Ambulette Services, Inc.; and Thomas L. Little, Defendants.

Civ. A. No. 88–4270–S.

United States District Court,
D. Kansas.

Aug. 28, 1989.

Stephen W. Cavanaugh, Fisher, Heck & Cavanaugh, P.A., Topeka, Kan., for plaintiff.

Robert E. Duncan, II, Topeka, Kan., Paul Hasty, Jr., Leonard R. Frischer, Wallace, Saunders, Austin, Brown & Enochs, Chtd., Overland Park, Kan., for defendants.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of individual defendant Thomas Little to dismiss the claims against him assert-

ed by plaintiff. In this case, plaintiff asserts a claim, among others, of conspiracy to violate section 1 of the Sherman Act (15 U.S.C. § 1). For purposes of this motion, it is undisputed that defendant Little is an officer of both defendant corporations.

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The individual defendant contends that plaintiff cannot assert a claim of conspiracy to violate the Sherman Act since an individual cannot conspire with himself. Defendant argues that any claim of his conspiring with the two defendant corporations must fail since an officer of a corporation cannot conspire with that corporation. The court acknowledges that the rule of law is that a corporate officer is generally incapable of conspiring with his corporation. *See Holter v. Moore & Co.*, 702 F.2d 854, 855 (10th Cir.1983).

In response to defendant's motion, plaintiff argues that a claim of conspiracy can be asserted against defendant Little in the particular circumstances of this case. Plaintiff argues that the "independent personal stake" doctrine recognizes an exception to the general proposition that an officer of a single firm is legally incapable of conspiring with the firm in violation of section 1 of the Sherman Act. *See Motor Parts Warehouse v. Facet Enterprises*,

774 F.2d 380, 387 (10th Cir.1985). This doctrine applies "when the officer has an outside economic interest, such as ownership of a competing corporation, through which he will benefit from the restraint." *Holter v. Moore & Co.*, 702 F.2d at 857 n. 8 (10th Cir.1983). Plaintiff contends that the presence of two separate corporations in which the individual defendant has separate economic interests destroys the legal impossibility of conspiracy in this particular case.

The court finds that the "independent personal stake" doctrine is applicable in this case. The court finds that the presence of the two corporations in which the individual defendant has separate, independent economic interests makes conspiracy a legal possibility. The "independent personal stake" doctrine allows plaintiff to assert a claim of conspiracy against an individual defendant and the two corporations even though the individual defendant is an officer of each corporation. *See Motor Parts Warehouse*, 774 F.2d at 387 and *Holter v. Moore & Co.*, 702 F.2d at 857 n. 8.

IT IS BY THE COURT THEREFORE ORDERED that the motion of individual defendant Thomas L. Little to dismiss is denied.