Paula **KJORLIE** and Eric Kjorlie, Individually and as the Parents, Natural Guardians and Next Friends of Their Minor Children, Seagren Kjorlie, Steen Kjorlie, and Ianne Kjorlie; Roger Craig and Ann Craig, as the Parents, Natural Guardians and Next Friends of Their Minor Children, David Craig and Daniel Craig; John Sims and Gwen Sims as the Parents, Natural Guardians and Next Friend of Their Minor Child, Malia Sims, Plaintiffs,

v.

Raymond J. **LUNDIN**; Patty Bottorff; Richard Roe, OBN Law Enforcement Personnel; John Doe, KBI Law Enforcement Personnel; Bobby Boe, Jefferson County, Kansas, Sheriff's Law Enforcement Personnel, Defendants.

No. 91–4040–S.

United States District Court,
D. Kansas.

May 16, 1991.

Ralph E. Skoog, Topeka, Kan., for plaintiffs.

Martha M. Snyder, Office of the Atty. Gen., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of defendants Raymond J. Lundin and Patty Bottorff to dismiss this action in which plaintiffs allege that their civil rights were violated by defendant law enforcement officers. Because the court finds that oral argument would not be of material assistance in resolving the issues raised in defendants' motion, plaintiff's request for oral argument will be denied. D.Kan. 206(d).

■ Defendants contend that this case should be dismissed for lack of service. Although defendants Lundin and Bottorff were personally served, defendants contend that plaintiffs are suing defendants in their official capacities and thus, the State of Kansas should have been served in accordance with Rule 4(d)(6) of the Federal Rules of Civil Procedure and K.S.A. 60–304(d)(5). In response to defendants' motion, plaintiffs assert they are not naming the State of Kansas as a defendant in this lawsuit. The court finds that defendants Lundin and Bottorff, who were personally served, cannot obtain dismissal on the argued basis of lack of service on the State.

■ Defendants also contend that this action should be dismissed because of plaintiffs' failure to comply with Rule 10(b) of the Federal Rules in formatting their complaint. Rule 10(b) states:

**(b) Paragraphs; Separate Statements.** All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim

founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Defendants' contention in this regard is stated as follows:

In this case, however, plaintiffs have purported to set out 11 separate counts none of which constitute separate claims and the specifics of which are not further broken down and numbered. This action should be dismissed for plaintiffs' deliberate failure to conform their pleadings to Rule 10.

Defendants' Memo. in Support of Motion to Dismiss, at 4. Defendants do not, however, cite any cases in support of their position that dismissal is appropriate to remedy alleged violations of Rule 10(b) requirements.

Although the court in its own research has located a case in which dismissal, coupled with permission to amend the complaint, was found to be appropriate, *see Sherman v. Renth*, 22 F.R.D. 59, 60 (E.D. Ill.1957), the court finds that defendants' present motion to dismiss on Rule 10(b) grounds is without merit. The purpose of Rule 10(b) is to promote simplicity and clarity in pleading. *See* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1324 at 736. The court finds it noteworthy that defendants in their motion are not alleging that they do not understand or are having difficulty responding to plaintiffs' complaint (in fact, defendants Lundin and Bottorff have already answered); rather defendants appear to be merely pushing a technical point with this argument. In the event that defendants in fact have a real difficulty in understanding plaintiff's complaint because of its form, other remedies are available under the Federal Rules besides the motion to dismiss. *See International Tag & Salesbook Co. v. American Salesbook Co.*, 6 F.R.D. 45 (S.D.N.Y.1943). *See also* 5 C. Wright & A. Miller, *Federal Practice & Procedure* §§ 1322–25. Thus, defendants' motion to dismiss on this basis will be denied.

Defendants Lundin and Bottorff also have moved to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether a claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

For purposes of this motion, the allegations in plaintiff's complaint can be summarized as follows. On the afternoon of June 3, 1990, the Kjorlie family and their two dogs, drove to their 95–acre piece of rural property in Jefferson County, Kansas for the purpose of having a picnic. Shortly after the family's arrival at the site, a vehicle came across the field and stopped. According to the complaint:

[t]hree persons jumped out and assumed SWAT team positions with two-handed pointing of handguns at [plaintiff] Eric [Kjorlie] and the other Plaintiffs in the immediate vicinity. They commenced to scream commands—Freeze—Out of the Car—Up against the car! etc. All of the Plaintiffs were severely frightened. Eric, Steen [age 11] and Ianne [age 8] Kjorlie, and David and Daniel Craig [11-year-old twins] were physically frisked and searched. Defendant Lundin fired his hand gun twice, including in the direction of Malia Sims [age 13], Raja the dog, Steen Kjorlie, and David and Daniel Craig, who were in the general line of fire beyond the dog.

Even after the identification was demanded and received from Plaintiffs and reviewed, and the children searched, the Defendant Bottorff at the direction of Defendant Lundin entered the station wagon and searched it. At about that time others arrived by vehicle and after ordering the Plaintiffs not to tell anyone for a few days as to what had happened to them and a reluctant apology, the law enforcement officers left the scene.

Plaintiffs' Complaint, at ¶ VI. Plaintiffs contend that the conduct of defendants, who allegedly were law enforcement officers with the Kansas Bureau of Investigation ("KBI"), Jefferson County Sheriff's Department, and the Oklahoma State Bureau of Narcotics and Dangerous Drug Control ("OBN"), violated their civil rights.

Defendants Lundin and Bottorff contend that, to the extent that the action is brought against defendants in their official capacities as state officers, the present lawsuit is barred by the Eleventh Amendment, citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984), and *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).[1] Defendants further contend that, even if the action is brought against these defendants in their personal capacities, they are immune from an award of damages under the doctrine of good faith immunity, citing *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1987). Finally, defendants contend that the Kansas Tort Claims Act exempts the discretionary acts of law enforcement officers from liability, citing K.S.A. 75–6104(e) and *Robertson v. City of Topeka,* 231 Kan. 358, 644 P.2d 458 (1982).

The court finds that, to the extent that plaintiffs would be attempting to bring suit against these defendants in their official capacities as agents of the KBI, such suit under section 1983 is barred by the Eleventh Amendment. *See Will,* 491 U.S.

at 71, 109 S.Ct. at 2312. To the extent that plaintiffs are attempting to sue these agents in their personal capacities, as plaintiffs contend in their response to defendants' motion, the court finds that defendants' motion to dismiss at this time should be denied, but that plaintiffs should amend their complaint to more clearly express that intention and to rectify any deficiencies in pleading with regard to these defendants. Because the court finds that defendants' conclusory arguments relating to defendants' immunity are insufficiently raised to allow the court to rule on these issues at this time, the court will not grant defendants' motion to dismiss on these bases. *See, e.g., Poe v. Haydon,* 853 F.2d 418 (6th Cir.1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989) (discussing the parties' respective burdens in litigating the qualified immunity issue).

IT IS BY THE COURT THEREFORE ORDERED that the motion of defendants Lundin and Bottorff to dismiss is denied.

IT IS FURTHER ORDERED that plaintiffs' are granted leave to file an amended complaint against defendants' Lundin and Bottorff within 20 days of the date of this order.

---

1. Although defendants are proceeding on an immunity theory, defendants do not clearly admit in their answer plaintiffs' allegation that they are agents of the KBI and/or were acting within the scope of their authority at the time of this incident. For purposes of this motion, however, the court will consider both of these points to have been established.