**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

STEPHEN P. HARJO,

      Plaintiff-Appellant,

v.

VARNUM PUBLIC SCHOOLS, a
political subdivision of the State of
Oklahoma; J.P. "DOC" DUVALL;
EARL HINES; JIRL MCGINNIS;
HELEN MCCOWN, all individually
and in their official capacities; JOHN
COPE, individually and in his official
capacity as Superintendent of the
Varnum Public Schools,

      Defendants-Appellees.

No. 98-7023
(D.C. No. 97-CV-385-B)
(E.D. Okla.)

---

ORDER AND JUDGMENT [*]

---

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Stephen P. Harjo appeals the district court's order granting summary judgment in favor of defendants. Because plaintiff has not shown a genuine issue of material fact regarding his claims and defendants were entitled to judgment as a matter of law, we affirm.

Plaintiff was hired by the Varnum Public Schools as a teacher and coach for the 1996-97 school year. After a hearing on April 7, 1997, before Varnum's Board of Education, plaintiff was terminated based on the following incidents: (1) a poorly-handled conflict with a parent during a parent-teacher conference; (2) violation of student and parental rights to confidentiality by discussing the conflict with another student; (3) gross misconduct in telling students he was doing the homework of two female students and informing a male student that he would not do the male student's homework because his "tits weren't as big as hers;" (4) questioning a student about his report of the homework incident and disagreeing with the student's recollection, which may have intimidated the student; and (5) criticizing a teacher for her role in bringing the homework incident to the Superintendent's attention. Appellant's App. III, doc. 24 at 692.

Plaintiff brought this action against the school district, four board members in their official and individual capacities, and the school superintendent in his official and individual capacity. Alleging he was entitled to an opportunity to correct any deficiencies under a plan of improvement before termination, plaintiff's complaint contained claims pursuant to 42 U.S.C. § 1983 for deprivation of his property and liberty interests without due process of law, and pendent state claims for breach of contract and violation of the state constitution's due process clause. The district court granted summary judgment in favor of all defendants, finding no violations of federal constitutional law. Declining to exercise supplemental jurisdiction, the court dismissed plaintiff's state law claims. This appeal followed.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review a grant of summary judgment de novo, applying the same standard as the district court. See Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995).

Plaintiff argues that he was entitled to an opportunity to improve his performance before termination pursuant to Oklahoma's Teacher Due Process Act of 1990, Okla. Stat. tit. 70, §§ 6-101.20 to 6-101.30, and that the failure to

provide him with such an opportunity deprived him of his property and liberty without due process of law. We decide plaintiff's claims by assessing first whether his property and liberty interests were protected by the Fourteenth Amendment, and if so, whether he was afforded "an appropriate level of process." Watson v. University of Utah Med. Ctr. , 75 F.3d 569, 577 (10th Cir. 1996).

**Deprivation of Property Interest**

Whether plaintiff had a property interest in his employment is a matter of state law. See Board of Regents v. Roth , 408 U.S. 564, 577 (1972). Here, it is undisputed that plaintiff had such an interest. See Okla. Stat. tit. 70, 6-101.22(B) (providing probationary employees may be dismissed for cause). Although the existence of a property interest is determined by state law, federal constitutional law determines what process is due before an employee may be deprived of that interest. See Cleveland Bd. of Educ. v. Loudermill , 470 U.S. 532, 541 (1985); Ambus v. Granite Bd. of Educ. , 975 F.2d 1555, 1568 (10th Cir. 1992), modified on other grounds on reh'g , 995 F.2d 992 (10th Cir. 1993).

Federal constitutional law requires only notice and a fair and impartial adversarial hearing before an employee may be permanently deprived of his property interest in employment. See Loudermill , 470 U.S. at 546-48 (setting out pretermination and post-termination due process requirements); Calhoun v. Gaines , 982 F.2d 1470, 1476 (10th Cir. 1992) (noting need for full-blown

-4-

adversarial hearing either before or after termination); Ambus, 975 F.2d at 1568 (noting due process includes right to fair, impartial hearing). The procedures provided in § 6-101.24 are not constitutionally required, and Oklahoma's alleged failure to comply with the statute did not implicate federal due process concerns. See Loudermill, 470 U.S. at 539-41 (expressly rejecting argument that scope of due process is determined by state procedures for termination of employment); Tonkovich v. Kansas Bd. of Regents, Nos. 96-3402 through 96-3408, 1998 WL 743693, at *16 (10th Cir. Oct. 26, 1998) (holding University's failure to follow its guidelines in overseeing grievance did not in and of itself implicate constitutional due process concerns); Mangels v. Pena, 789 F.2d 836, 838 (10th Cir. 1986) ("A failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause."). [1]

Plaintiff argues that the failure to give him an opportunity to improve his performance somehow rendered the termination hearing inherently unfair, not

---

[1]     Although not necessary to our decision, we also agree with the district court's analysis that § 6-101.24 did not require that plaintiff be placed on an improvement plan before he could be terminated, based on the language in section (D) of that statute. Cf. House v. Independent Sch. Dist. I-29, 939 P.2d 1127, 1131 (Okla. 1997) (holding teacher not entitled to compliance with § 6-101.24 based on section (D)'s limitation of improvement plan procedures to enumerated grounds for dismissal).

impartial, and biased. As we explained, due process did not require compliance with the statute. Upon reviewing the particular circumstances of plaintiff's case, we conclude his allegations are insufficient to raise a factual issue regarding an unfair hearing. See id. (noting due process is violated only when the risk of unfairness is "intolerably high" under the circumstances of a particular case, and holding complaint insufficient to overcome presumption of honesty and integrity of decisionmakers). Plaintiff's arguments go to the merits of the Board's decision, not the procedures used in affording him a hearing.

**Deprivation of Liberty Interest**

To show a deprivation of a liberty interest, plaintiff must show the (1) publication (2) of false statements (3) impugning the good name or reputation of the employee (4) which occurred in the course of terminating the employee or which foreclosed other employment opportunities. See Watson, 75 F.3d at 579. "No name-clearing hearing is required when the employee does not dispute the substantial truth of the charges against him." Hicks v. City of Watonga, 942 F.2d 737, 746 (10th Cir. 1991).

Here, plaintiff did not dispute the substantial truth of the conduct charged, only the inferences to be drawn from such conduct. See Appellant's App. II, doc. 20 at 329-35. As plaintiff did not raise a factual question regarding the falsity of the conduct charged, he did not demonstrate a liberty deprivation entitling him to

-6-

due process.  Further, because we have held that plaintiff received all of the process to which he was due, including a full-blown hearing at which he had the opportunity to clear his name, his claim that he was deprived of a liberty interest without due process must fail.    See Tonkovich , 1998 WL 743693, at *22.

Finally, because plaintiff did not raise a genuine dispute regarding the deprivation of a constitutional right, defendants were properly afforded qualified immunity for their acts taken in their individual capacities.    See Siegert v. Gilley , 500 U.S. 226, 232 (1991) (holding assertion of the violation of a constitutional right is a prerequisite to overcoming a claim of qualified immunity).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge