**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GERALD MESSINA,

        Plaintiff-Appellant,

v.

CITY OF FEDERAL HEIGHTS,
a municipal corporation, and
ROGER TINKLENBERG, in his
official capacity as City Administrator
of the City of Federal Heights,

        Defendants-Appellees.

No. 99-1380
(D.C. No. 97-D-2085)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY** and **BRISCOE**, Circuit Judges, and **ALLEY**, Senior District Judge.[**]

        After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable Wayne E. Alley, Senior District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case has therefore been ordered submitted without oral argument.

Plaintiff Gerald Messina appeals an adverse decision of the district court following a nonjury trial of claims under 42 U.S.C. § 1983 and state law arising from plaintiff's discipline as an employee of defendant City of Federal Heights, Colorado.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## Standard of Review

Plaintiff urges three propositions:  (1) he was denied due process as a matter of law because the decision maker's status as an at-will municipal employee furnished the decision maker a pecuniary interest in the outcome; (2) the district court applied an incorrect legal standard, requiring direct proof of actual bias by the decision maker; and (3) the district court improperly engaged in de novo review of evidence underlying the disciplinary decision.

Each of plaintiff's appellate contentions alleges legal error in the district court's decision.  We review questions of law de novo. *State of Utah v. Babbitt*, 53 F.3d 1145, 1148 (10th Cir. 1995).  As plaintiff does not dispute any factual finding, we utilize the district court's statement of facts below.

## Factual and Procedural Background

Messina brought suit to challenge disciplinary action taken against him in June 1997 while he was a sergeant in the City's police department.  Based on

supported allegations of sexual harassment and unprofessional conduct, Messina was demoted two levels in rank and suspended 21 days without pay. The decision was made by City Administrator Roger Tinklenberg following a hearing at which he presided. Before the hearing, Tinklenberg had participated in the investigation of pending charges against Messina. Also, on a prior occasion, Tinklenberg had caused the modification of a counseling statement issued against plaintiff on other claims of harassment by a former police officer. On that occasion, Tinklenberg intervened in Messina's favor to eliminate some of the more pointed portions of the statement.

The City is a municipal corporation with approximately 70 employees, including 30 members of the police department. Tinklenberg was duly appointed as city administrator and was acting in his official capacity with regard to disciplinary matters. Messina held a full-time position in classified service beginning in 1981 and continuing through the time of trial.

In his pleading, plaintiff asserted due process claims under 42 U.S.C. § 1983 and a supplemental claim under a Colorado law that authorizes judicial review of certain administrative decisions, Colo. R. Civ. P. 106. It is undisputed that plaintiff had a property interest in his employment guaranteed by the Due Process Clause of the Fourteenth Amendment. There also is no question that his discipline was accompanied by requisite procedural protections, namely, adequate

information about the charges, notice of the hearing, legal representation, and an opportunity to call and cross-examine witnesses. At trial, the sole claim presented was that plaintiff was denied procedural due process because he was not provided an unbiased, impartial decision maker in the disciplinary proceeding.

The district court conducted a two-day trial during which testimony and other evidence were received. The trial judge orally announced a decision in defendants' favor at the conclusion of trial. Written findings and conclusions were subsequently issued pursuant to Fed. R. Civ. P. 52, and a judgment was entered pursuant to Fed. R. Civ. P. 58. This appeal timely followed.

Discussion

A.    Per Se Disqualification of City Administrator

Messina contends that Tinklenberg's status as an at-will municipal employee who served at the pleasure of the city council resulted in a potential personal economic interest in deciding the disciplinary case adversely to Messina. This argument purportedly rests on evidence that Tinklenberg felt pressure to avoid embarrassment to the City associated with sexual harassment claims. This pressure, plaintiff argues, created a conflict of interest that prevented Tinklenberg as a matter of law from serving as an unbiased decision maker with respect to plaintiff's discipline.

Messina cites no legal authority for the proposition that a decision maker's status as an at-will employee of a municipality creates a pecuniary interest, even indirectly, in the outcome of a disciplinary proceeding against another employee. We have previously stated that procedural due process does *not* include a right to "hearing officers not employed by the governmental body or agency taking the adverse action." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 519 (10th Cir. 1998). Instead, plaintiff's conflict-of-interest argument hinges on a contention that Tinklenberg's superiors, the city council, had expressed interest in plaintiff's case or in harsh treatment of employees accused of sexual harassment. Plaintiff provides only one citation to the appellate record in support of his argument that the city council had previously communicated to Tinklenberg any particular view of sexual harassment claims. (Aplt. Br. at 11-12.)

We have reviewed the cited testimony of Tinklenberg given during the trial of this case, as well as the remainder of his statements on the subject, and find plaintiff's reference to be incomplete and misleading. The cited testimony consists only of examination of Tinklenberg by plaintiff's counsel concerning prior statements made during his deposition. Plaintiff's counsel sought to obtain an admission from Tinklenberg that at the time of his hiring, the city council was concerned about publicity that had been generated by a lawsuit brought by a female former police officer who raised allegations of sexual harassment. When

-5-

allowed to explain, Tinklenberg testified that the adverse publicity referred to in his deposition actually was generated by an incident where the police and fire chiefs were accused of drinking on the job. The deposition transcript mistakenly interchanged the names of the sexual harassment complainant and the news reporter who covered the drinking incident. (Aplt. App., vol. 3, Tr. at 58-59.)

Moreover, Messina argues facts contrary to the district court's findings, which are unchallenged on appeal. The district court expressly found:

> Plaintiff has argued that there was a predetermined desire by the City Council of Federal Heights to avoid any further episodes or incidents involving sexual harassment, and that Mr. Tinklenberg knew or should have known that his job was in jeopardy unless he singled out and focused discipline on Mr. Messina. Those allegations are unfounded based on the evidence. . . . There was no credible evidence on this record to suggest that Mr. Tinklenberg was predisposed to treat Officer Messina in a special way because of the handling of the [prior sexual harassment] incident or because of any message [Tinklenberg] had received from City Council in connection with his hiring. . . .

(Aplt. App., vol. 1 at 121.) We have reviewed the appellate record for trial evidence regarding these findings, despite plaintiff's failure to expressly challenge them, and deem them unassailable under the clearly erroneous standard. *See* Fed. R. Civ. P. 52(a).

In short, Messina lacks a factual basis for his argument that the city council exerted pressure on Tinklenberg to deal harshly with employees accused of sexual harassment or with plaintiff in particular. Therefore, we reject the contention that

-6-

Tinklenberg's employment status created a bias or economic interest that prevented him from serving as a neutral decision maker.

B.     The Proper Rule of Decision

Messina asserts that the district court held him to an improper standard of proof and erroneously required him to demonstrate actual, subjective bias on Tinklenberg's part.  Plaintiff argues that the proper question was whether he demonstrated a substantial likelihood that, viewed objectively, a person in Tinklenberg's position could not serve as a neutral adjudicator.

The correct standard, as announced in our prior cases, is stated in the district court's decision:

> 7.     The legal test which this Court must apply in rendering its decision are [sic] set forth in *Mangels v. Pena*, 789 F.2d 836 (10th Cir. 1986) and *Hicks v. City of Watonga*, 942 F.2d 737 (10th Cir. 1991). . . .

> 8.     . . . [T]he court in *Mangels v. Pena, supra,* noted:

> "An impartial tribunal is an essential element of a due process hearing . . . .  A tribunal is not impartial if it is biased with respect to the factual issues to be decided at the hearing." . . .  However, "[t]he mere exposure to evidence presented in nonadversary investigative procedures is insufficient in itself to impugn the fairness" of a later adversary hearing. . . .  Due process is violated only when "the risk of unfairness is intolerably high" under the circumstances of a particular case.  Because honesty and integrity are presumed on the part of a tribunal, . . . there must be some substantial countervailing reason to conclude that a decisionmaker

is actually biased with respect to factual issues being adjudicated . . . .

*Id*. at 838 (citations omitted).

9.     The Tenth Circuit, in *Hicks v. City of Watonga, supra,* further provides that: "Fairness of course requires an absence of actual bias in the trial of cases. . . . The Supreme Court has held that a person claiming bias on the part of an administrative tribunal must overcome a presumption of honesty and integrity in those serving as adjudicators." *Id*. at 746 (citations omitted).  Again, citing *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 1464 (1975) the Tenth Circuit noted: "Due process is violated only when 'the risk of unfairness is intolerably high' under the circumstances of a particular case."

(Aplt. App., vol. 1 at 119-20.)

We conclude that the district court fairly applied this standard in analyzing Messina's claim of bias.  Contrary to plaintiff's position, the trial court did not reject his claim due to a lack of evidence of subjective bias by Tinklenberg.  The court instead examined evidence of various circumstances alleged by plaintiff to create an intolerable risk of unfairness.  In addition to the one discussed above (pressure from the city council), the district court considered prior dealings between Tinklenberg and plaintiff, Tinklenberg's involvement in the initiation and investigation of the disciplinary complaint, and the manner in which Tinklenberg conducted the disciplinary hearing.

After careful review of the lower court's decision, we find unsupported Messina's contention that the court "erred in looking beyond the objective

circumstances to Tinklenberg's subjective state of mind." (Aplt. Br. at 19.) We conclude that the district court applied the correct legal standard and that the evidence fully supports the judge's conclusion that plaintiff failed to prove an unacceptably high risk of unfairness on Tinklenberg's part.

C.    Improper Review of the Substantive Decision

Messina argues that "the district court improperly engaged in a *de novo* review" of the evidence in support of the city administrator's decision and relied on this review to conclude that, because the decision reached was substantively appropriate, the decision maker was not biased. (Aplt. Br. at 20.) We reject this characterization of the district court's survey of evidence supporting the discipline imposed. The district court neither undertook an independent evaluation of the disciplinary charges against plaintiff nor, as plaintiff contends, rejected his procedural due process claim on grounds of "no harm, no foul." (Reply Br. at 10.) Instead, the trial judge's inquiry into the substantive basis of plaintiff's discipline addressed arguments urged by Messina at trial as evidence of Tinklenberg's bias. Because plaintiff thus invited a substantive inquiry into his discipline, it was not improper under the circumstances.

First, the district court addressed an attack by Messina on the quality of the hearing conducted by Tinklenberg, including the nature of the evidence presented. A review of the appellate record reveals that plaintiff's complaints

about Tinklenberg's service as the hearing officer and decision maker included that Tinklenberg had participated in the investigation, that the City did not present testimony of witnesses at the hearing, and that Tinklenberg instead relied on a written record of the investigation that included summaries of witness interviews he had conducted. (Aplt. App., vol. 1 at 16-17, 19, 20, 46-47, 62.) A fair reading of the district court's decision is that these complaints were rejected as evidence of bias, in part, because plaintiff's hearing testimony alone provided sufficient evidence to sustain Tinklenberg's decision. The judge found that plaintiff had not raised a sufficient inference of bias in connection with the hearing primarily because "the majority of the adverse findings that were made by Mr. Tinklenberg, as they relate to the conduct of Officer Messina, were based solely on what [Messina] said he did." (Aplt. App., vol. 3, Tr. at 352.) Similarly, after discussing plaintiff's testimony at the disciplinary hearing, the judge concluded:

> [T]hrough . . . the plaintiff's own words in the disciplinary proceeding, he provided ample evidence upon which the finder of fact could have reached any number of conclusions including termination. Again, the Court is not commenting on whether or not the ultimate result was fair or unfair, but what the Court will make a finding is based on the transcript of the hearing, that there was no demonstration of actual bias on the part of Mr. Tinklenberg such that it would render his result unconstitutional.

(Aplt. App., vol. 3, Tr. at 354.) Thus, one purpose of the trial court's substantive inquiry was to address plaintiff's contention that Tinklenberg's decision was based on insufficient or incompetent evidence. In the context of evaluating the

-10-

manner in which the hearing was conducted, we find no legal error in this analysis.

Second, the appellate record reveals a complaint by Messina at trial that the decision reached was flawed because the punishment imposed was arbitrary and excessive. (Aplt. App., vol. 1 at 19, 20, 44-45, 63; vol. 3, Tr. at 84, 173-75.) To the extent that the district court considered plaintiff's trial testimony, it was to emphasize the seriousness of the misconduct to which Messina had confessed:

> Messina further admitted that it wasn't a proper thing for him to have allowed [a female subordinate] to expose her breasts to him between 200 and 300 times in the workplace without doing something about it. And in response to questions as to why he didn't report her conduct to a supervisor or take some direct action against her, he said one of the main reasons he didn't do that was that he was having an intimate sexual relationship with her.

(Aplt. App., vol. 3, Tr. at 353-54.) That Messina would allow his personal sexual relationship with a subordinate employee to interfere with proper workplace behavior or discipline simply provided further evidence that plaintiff had shown himself ill-suited to a supervisory position and that demotion was an appropriate employment action.

In sum, under the circumstances presented, the district court examined relevant facts and evidence in its search for proof of bias by Tinklenberg and reached a reasoned decision that plaintiff had not carried his burden to overcome

the presumption of honesty and integrity.  On the appellate record presented, we find no reversible error.

<u>Conclusion</u>

Therefore, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

ENTERED FOR THE COURT


WAYNE E. ALLEY
Senior District Judge