**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUDDY TANUWIDJAJA,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 09-9511
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

Ruddy Tanuwidjaja, a Chinese Christian native and citizen of Indonesia

representing himself before this court, petitions for review of the Board of

Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ)

denial of asylum, withholding of removal (properly known as restriction on

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

removal), and relief under the Convention Against Torture (CAT). Construing the pro se petition liberally, we deny it.

## *Background*

Petitioner was born into a Chinese Christian family in Jakarta, Indonesia. He has a wife and two children, as well as three siblings, all of whom are Christian and all of whom remain in Indonesia. He overstayed his visa after entering the United States in December 2000. In November 2003, after being placed in removal proceedings, he applied for relief.

His petition was based primarily on his experiences during the riots in Indonesia in 1998. A group of approximately fifteen Muslim radicals attacked his small sundries store, breaking the glass counter, stealing items, and demanding money. They were screaming, "kill the Chinese." Admin. R. at 69. When he did not immediately hand over the money kept at the store, the attackers kicked his wife in the chest and cut his right thumb with a knife, leaving a scar about one centimeter long. He and his wife received medical treatment for their injuries, and he reported the attack to the police. (His records from the hospital and the police, however, were destroyed in a 2001 flood of his home.) In addition, during the 1998 riots, his church was destroyed. His congregation transferred their services to his home.

The IJ denied relief, finding that the request for asylum was filed after the statutory one-year deadline and that petitioner had failed to establish a basis for

restriction on removal or relief under the CAT. On appeal, the BIA affirmed the IJ's determination that petitioner's asylum request was untimely. Addressing restriction on removal, the BIA assumed petitioner was credible, but held that the 1998 incident was not sufficiently severe to constitute past persecution. Noting that petitioner's wife, children, and three siblings had remained in Indonesia unharmed, the BIA also held that the evidence of record did not establish an objectively reasonable basis for concluding that petitioner would more likely than not be harmed in the future because of his ethnicity or religion. It found no reason to grant relief under the CAT, because petitioner had not demonstrated that he had been tortured or that the government would acquiesce to the harm he feared if he were returned to Indonesia. Finally, addressing petitioner's assertion that his due process rights were violated because the IJ was biased against him, the BIA found that IJ had not stepped outside his role as a neutral arbiter. Accordingly, the BIA dismissed the appeal.

### *Analysis*

Because the BIA issued its own brief single-member order, its decision is the final agency decision that we review. *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "Our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (alteration and quotation omitted). "In this circuit, the ultimate determination

whether an alien has demonstrated persecution is a question of fact, even if the underlying factual circumstances are not in dispute and the only issue is whether those circumstances qualify as persecution." *Hayrapetyan v. Mukasey*, 534 F.3d 1330, 1335 (10th Cir. 2008) (quotation omitted). We may reverse the BIA's decision "'only if the evidence presented by [the alien] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.'" *Id.* (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

## A. *Asylum*

Petitioner filed for asylum well after the statutory one-year limit for asylum applications, *see* 8 U.S.C. § 1158(a)(2)(B), and the agency denied the application as untimely. We generally cannot review an asylum claim denied as untimely. *See id.* § 1158(a)(3); *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006); *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003). But we do retain jurisdiction to review constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(D); *Ferry*, 457 F.3d at 1130. Petitioner submitted a due process argument to the BIA, claiming the IJ was biased. To the extent that petitioner's pro se filings can be broadly construed to include this issue here, however, we are not convinced that the BIA erred in rejecting the due process argument. *See Mangels v. Pena*, 789 F.2d 836, 838 (10th Cir. 1986) ("Due process is violated only when the risk of unfairness is intolerably high under the circumstances of a particular case. Because honesty and integrity are presumed on the part of a tribunal, there must

-4-

be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated." (quotation and citations omitted)).

## *B. Restriction on Removal*

We retain jurisdiction to review the denial of restriction on removal. *See Tsevegmid*, 336 F.3d at 1235. For this relief, Mr. Tanuwidjaja must show that his "life or freedom would be threatened" in Indonesia because of his Christian religion or his Chinese ethnicity. 8 U.S.C. § 1231(b)(3)(A). He can satisfy this standard by showing that he experienced "past persecution" on enumerated grounds or that "it is more likely than not" that he would be persecuted in the future. 8 C.F.R. § 1208.16(b)(1), (2); *Sidabutar*, 503 F.3d at 1123-24.

## *1. Past Persecution*

Persecution "requires more than just restrictions or threats to life and liberty." *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005) (quotation omitted). It is "an extreme concept that does not include every sort of treatment our society regards as offensive." *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) (quotation omitted). In *Tulengkey*, we concluded that not every reasonable factfinder would be compelled to find persecution based on two incidents involving a Chinese Christian woman from Indonesia, one in which she was robbed and fondled and one in which she witnessed a Muslim mob attacking a Christian wedding, stealing the food and beating some guests. 425 F.3d at

1280-81. Similarly, in *Sidabutar v. Gonzales*, we concluded that an Indonesian Christian man who had suffered repeated beatings by Muslim classmates and street robberies had not established past persecution. 503 F.3d at 1124. Because "[w]e cannot conclude that every reasonable fact-finder would be compelled to find persecution" based on the incident that petitioner describes, we cannot disturb the BIA's determination that he has not shown he suffered past persecution. *Tulengkey*, 425 F.3d at 1281.

## 2. *Well-Founded Fear of Future Persecution*

A well-founded fear of future persecution "must be both subjectively genuine and objectively reasonable." *Id.* The possibility of relocation within the country of origin, however, negates a well-founded fear of persecution, if it is reasonable to expect such relocation. *Id.*; 8 C.F.R. § 1208.13(b)(2). "Where, as here, the asylum applicant has not shown past persecution and the alleged future persecution is not by a government or a government-sponsored group, the asylum applicant bears the burden of establishing that relocation would be unreasonable." *Tulengkey*, 425 F.3d at 1281; *see also* 8 C.F.R. § 1208.13(b)(3)(i). Evidence in the administrative record indicates that Christians predominate and Muslims are a minority in certain parts of Indonesia, and petitioner has not shown why he cannot relocate to those areas. Accordingly, "[his] claim of a well-founded fear of future persecution necessarily fails." *Tulengkey*, 425 F.3d at 1282.

*C. CAT Relief*

Petitioner has not established that it is more likely than not that he would be tortured in Indonesia by or with the acquiescence of a governmental official, and thus the BIA's decision to deny relief under the CAT is supported by substantial evidence. *See Sidabutar*, 503 F.3d at 1125-26.

### *Conclusion*

Petitioner's implied request to supplement the administrative record through his July 14, 2009, submission of documents and photographs to this court is DENIED because we may review only the record before the BIA. *See* 8 U.S.C. § 1252(b)(4)(A). The petition for review is DENIED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge