**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARIA MAGDALENA SEBASTIAN
JUAN; JENNIFER ALVARADO
SEBASTIAN,

     Petitioners,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

No. 15-9539
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

     Maria Magdalena Sebastian Juan ("Sebastian"), a citizen of Guatemala,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

denying her application for asylum, withholding of removal, and protection under the

United Nations Convention Against Torture ("CAT"). The parties are familiar with

the facts of this case, which we need not recite here. Exercising jurisdiction under

8 U.S.C. § 1252(a), we deny her petition.

_____

     [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. Witjaksono v. Holder, 573 F.3d 968, 977 (10th Cir. 2009). Under the substantial evidence standard, the record must compel reversal. Id.; see also INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992). To secure asylum, Sebastian must demonstrate that she is a "refugee," defined as a person outside of her country who is "unable or unwilling to return to . . . that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). An applicant can establish persecution by: (1) demonstrating past persecution, which gives rise to a rebuttable presumption of future persecution; (2) demonstrating a well-founded fear of future persecution; or (3) demonstrating "past persecution so severe as to demonstrate compelling reasons for being unwilling or unable to return," even absent any danger of future persecution. Krastev v. INS, 292 F.3d 1268, 1270-71 (10th Cir. 2002) (quotation omitted) (citing 8 C.F.R. § 208.13(b)). Sebastian asserts refugee status based on the first and second prongs.

Substantial evidence supports the BIA's conclusion that the harms Sebastian suffered in Guatemala were insufficiently "extreme" to rise to the level of past persecution. See Tanuwidjaja v. Holder, 352 F. App'x 281, 283 (10th Cir. 2009) (unpublished) (quoting Korablina v. INS, 158 F.3d 1038, 1044 (9th Cir. 1998)); see also Sidabutar v. Gonzales, 503 F.3d 1116, 1124 (10th Cir. 2007) (finding no past

2

persecution when asylum applicant was repeatedly beaten and robbed for years, twice resulting in serious injury).  Moreover, during the two years before she entered the United States, Sebastian lived without major incident.  Although she received some threats during that period, "[t]hreats alone generally do not constitute actual persecution."  Vatulev v. Ashcroft, 354 F.3d 1207, 1210 (10th Cir. 2003).

Sebastian argues that the BIA impermissibly ignored evidence and mischaracterized the record.  We disagree.  Although the BIA recounted the facts in neutral language, such objective descriptions do not amount to mischaracterization.  Nor does the BIA need to expressly state that it considered specific facts in its persecution analysis.  Reciting those relevant facts is sufficient to show consideration.  See Mena-Flores v. Holder, 776 F.3d 1152, 1171 (10th Cir. 2015) (noting the BIA's obligation to consider a case does not require it to "expressly parse or refute on the record each individual argument offered by the petitioner" (quotations and alteration omitted)).

Relatedly, Sebastian argues that the BIA failed to evaluate the evidence cumulatively.  See Ritonga v. Holder, 633 F.3d 971, 975 (10th Cir. 2011).  But again, the BIA does not need to explicitly state that it weighed the record cumulatively.  Its aggregate assessment is evident on the face of the BIA's decision and its reliance on the immigration judge's order:  both describe the multiple bases from which Sebastian claims past persecution, but conclude that this evidence is insufficient for asylum.

3

Sebastian also contends that the BIA ignored expert and country conditions evidence relevant to her claims. However, the BIA's failure to expressly elaborate on the country condition documentation does not compel a conclusion that it ignored the evidence. Moreover, even if a country's broader cultural and political context generally supports an asylum applicant's claim, such evidence "does not substitute for an analysis of the facts of each applicant's individual circumstances." de la Llana-Castellon v. INS, 16 F.3d 1093, 1098 (10th Cir. 1994) (quotation omitted). Thus, although the evidence submitted supports Sebastian's claims generally, it does not compel a conclusion that she personally suffered harm rising to the level of persecution. Accordingly, we affirm the BIA's finding of no past persecution.

"Without a showing of past persecution, an [asylum applicant] must demonstrate that it is more likely than not that [she] will be individually persecuted in the future." Witjaksono, 573 F.3d at 977. Sebastian's claim of future persecution is based on the same events and country conditions that she relies upon to establish past persecution. Having determined that those events do not rise to the level required to prove past persecution, we conclude that they also do not demonstrate a well-founded fear of future persecution. See Gallego-Arroyave v. Holder, 505 F. App'x 749, 754 (10th Cir. 2012) (unpublished).

## II

Because Sebastian has not met the standard for asylum, she necessarily has not met the more stringent standard for withholding of removal. See Karki v. Holder, 715 F.3d 792, 801 (10th Cir. 2013). Similarly, Sebastian relies on the same evidence

4

to support her claim that she will face a substantial likelihood of torture upon returning to Guatemala under the CAT. See 8 C.F.R. § 1208.16(c)(2). Because substantial evidence supports the BIA's finding that Sebastian is unlikely to face future persecution in Guatemala, "it is likewise against the odds that she would be tortured by the government or a proxy for the government." Ritonga, 633 F.3d at 979 (quotation omitted). Thus, Sebastian is ineligible for CAT relief.

## III

For the foregoing reasons, Sebastian's petition for review is **DENIED**. Her motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge